UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV228-3-V
(5:02CR37-5-V)

| KEVIN MAURICE LINDER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed July 5, 2005 and Respondent's Motion for Summary Judgment (Document No. 5.) The Court notes that although Petitioner was advised by Order dated November 7, 2005 that he had thirty days to respond to Respondent's Motion for Summary Judgment, the Court received a letter from Petitioner on January 17, 2004 which was dated December 4, 2005, responding to Respondent's Motion for Summary Judgment.[1] (Document No. 7.) For the reasons stated herein, the Government's Motion for Summary Judgment shall be granted and the Petitioner's Motion to Vacate shall be dismissed.

---

[1] It is not clear to the Court why the Court did not receive the letter before this date. In any event, Petitioner states in the letter that he called his attorney "[f]rom around May 11th and June 10th of 2004 ..." after he received his letter explaining that the Fourth Circuit denied his appeal and specifically asked his attorney to file a writ of certiorari with the Supreme Court of the United States on his behalf. The Court directed the Clerk to file this letter as Petitioner's response to Respondent's Motion for Summary Judgment.

1

## 1. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on September 10, 2002 Petitioner was indicted for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841 and 846. On March 28, 2003 Petitioner pled guilty to this charge without a plea agreement. On July 7, 2003 Petitioner appeared before the Court for sentencing at which time he reaffirmed his admission of guilty to the charged offense, lodged no objection to the Presentence Report ("PSR") and stipulated to the amount of drugs for which he could be held accountable. Specifically, Petitioner stipulated that he was accountable for 1.5 kilograms or more of cocaine base. The Court adopted the PSR for all purposes finding that it accurately calculated Petitioner's offense level as 37 and criminal history as 6, yielding a guideline sentencing range of 360 months to life in prison. Thereafter, the government moved for a downward departure of four offense levels based on Petitioner's cooperation and substantial assistance. The Court granted the government's motion and sentenced Petitioner to 215 months.

On September 17, 2003, Petitioner filed a pro se Letter/Notice of Appeal and on September 25, 2003 he filed a "Motion for Extension To File Notice of Appeal." In support of his motion for an extension of time, Petitioner alleged that he instructed his trial counsel via letter dated July 10, 2003 that he wished to appeal his conviction and sentence. Counsel acknowledged that he received such letter, but explained that Petitioner initially indicated he did not wish to appeal but two days later wrote counsel a letter indicating otherwise. Upon receipt of such letter, counsel requested that Petitioner particularize what errors he wished to appeal. In the meantime, Defendant wrote the Clerk of Court inquiring about his ability to appeal. The Clerk construed Petitioner's letter as a Notice of Appeal. In light of the above, this Court found that Petitioner had demonstrated "excusable neglect"

and should be granted leave to appeal (Criminal case 5:02cr27-5, Document No. 272.) The Fourth Circuit appointed the Federal Public Defender at Raleigh, N.C. to represent Petitioner. Petitioner's appellate counsel challenged Petitioner's sentence contending that the district court plainly erred when it adopted the quantity of crack cocaine attributed to him in the presentence report without first finding that the amount was within the scope of the criminal activity he agreed to jointly undertake. On April 26, 2004, the Fourth Circuit issued an unpublished opinion affirming the sentence imposed by this Court.

On July 5, 2005 Petitioner filed the instant Motion to Vacate arguing that his trial counsel was ineffective because he failed to file a timely appeal after Petitioner requested that he do so and that his appellate counsel was ineffective for failing to file a writ of certiorari in the Supreme Court and for failing to file a Blakely claim.[2]

On August 10, 2005, this Court concluded that Petitioner failed to establish ineffective assistance of counsel with respect to his claim that his trial attorney was ineffective for failing to file a timely appeal on his behalf and dismissed this claim. Petitioner's only surviving claim is that his appellate counsel was ineffective for failing to file a writ of certiorari in the Supreme Court and for failing to file a Blakely claim.

## II. ANALYSIS

**Ineffective Assistance of Appellate Counsel**

Petitioner's appellate counsel, G. Alan DuBois, Assistant Federal Defender, submitted an affidavit to the Court relative to his representation of Petitioner. According to his affidavit, on May 11, 2004, Mr. DuBois sent Petitioner a copy of the Fourth Circuit's opinion affirming his conviction

---

[2] Blakely v. Washington, 542 U.S. 296 (2004).

together with a letter explaining Petitioner's right to seek certiorari before the United States Supreme Court and informing Petitioner that, in counsel's opinion, it was unlikely that the Supreme Court would accept his case. Mr. DuBois also stated that he advised Petitioner that if he desired to exercise his right to file a petition for certiorari to so advise him and he would file such a petition on Petitioner's behalf. Mr. DuBois further avers that his file contains no documentation showing that Petitioner ever responded to his May 11, 2004 letter either orally or in writing requesting that he prepare a petition for certiorari on his behalf and Mr. DuBois stated that he also has no recollection that Petitioner ever asked him to file a writ of certiorari on his behalf. Finally, Mr. DuBois stated that he is "quite certain" that he did not discuss Blakely with Petitioner before filing his brief or while his case was pending in the Fourth Circuit because the Fourth Circuit decided Petitioner's case on April 26, 2004 , 2 months prior to the Supreme Court's decision in Blakely on June 24, 2004.

On January 17, 2006 this Court received Petitioner's letter dated December 4, 2005 in which he avers that after receiving Mr. Dubois' May 11, 2004 letter, he called Mr. DuBois "[f]rom around May 11 and June 10th of 2004" and asked him to file a writ of certiorari in the Supreme Court on his behalf.

Petitioner's contention that he received ineffective assistance of appellate counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, and that there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of

reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields 956 F.2d at 1297.  It petitioner fails to meet this burden, a "reviewing court need not consider the performance prong.  Id. at 1290.

Petitioner alleges that his appellate counsel erred by failing to file a petition for writ of certiorari in the United States Supreme Court pursuant to Petitioner's instructions following the Fourth Circuit's affirmance of his sentence.  However, unlike the mandatory jurisdiction of the courts of appeals in a direct criminal appeal, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion." Supreme Court Rule 10.  While "indigent defendants pursuing appeals as of right have a constitutional right to a brief filed on their behalf by an attorney, Anders v. California, 386 U.S. 738 (1967), that right does not extend to forums for discretionary review." Austin v. United States, 513 U.S. 5, 8 (1994).  In the case of an unsuccessful appellant represented by counsel, the attorneys responsibilities are outlined in the plan adopted by the Fourth Circuit Judicial Counsel implementing the Criminal Justice Act of 1984.  See 18 U.S.C. § 3006A.

The Fourth Circuit plan provides that "counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari.  If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant." Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶ 2 (July 14, 2005).

According to appellate counsel's affidavit, he fully complied with these requirements by sending Petitioner a letter on May 11, 2004, advising Petitioner of his right to seek certiorari before

the United States Supreme Court, informing him that in counsel's opinion it was unlikely that Petitioner's case would be accepted, and requesting that Petitioner advise him in writing as soon as possible if he wanted to file a petition for a writ of certiorari. Appellate counsel has no record of such a communication from Petitioner advising that he desired counsel to file a writ of certiorari. Although Petitioner has disputed the contents of appellate counsel's affidavit in so much as Petitioner contends that he did call counsel and ask that he file a writ of certiorari, Petitioner did not make this request in writing as is required by the plan adopted by the Fourth Circuit Judicial Council. Furthermore, the rule includes a two prong requirement; first that Petitioner request, in writing, that his counsel file a writ of certiorari and second, only if counsel, in his considered judgment, believes there are grounds for seeking Supreme Court review, shall counsel prepare and file a timely petition for such a writ and transmit a copy to the defendant. Plan of the United States Court of Appeals for the Fourth Circuit, In Implementation of the Criminal Justice Act, § V, ¶ 2 (July 14, 2005).

Here, Petitioner did not make his request in writing and second, his counsel already explained in his May 11, 2004 letter that in counsel's opinion it was unlikely that Petitioner's case would be accepted.

While the Court is troubled by Petitioner's assertion that he did orally request that his counsel file a writ of certiorari, the Fourth Circuit Plan requires that such a request be in writing and that counsel, in his considered judgment, believes there are grounds for seeking Supreme Court review. Here, counsel advised Petitioner through his May 11, 2004 letter that he did not believe Petitioner's case would be accepted for review by the Supreme Court. Furthermore, by his own admission, Petitioner's request that counsel file a writ of certiorari was not in writing. Appellate counsel's affidavit convinces this Court that counsel was not deficient in his performance as he sent a letter to

6

Petitioner advising him of his right to seek certiorari and asking that Petitioner advise him in writing whether he wished to pursue a writ of certiorari before the United States Supreme Court. Petitioner's letter confirms that Petitioner did in fact receive his counsel's letter informing him that the Fourth Circuit affirmed his conviction. Therefore this is not a case in which Petitioner is alleging that his counsel was ineffective for failing to advise him of the disposition of his appeal and the right to petition for certiorari. See King v. United States, 11 Fed.Appx. 219 (4th Cir. 2001) (unpublished opinion)(If counsel did not advise petitioner of the disposition of his criminal appeal and of the opportunity to seek a writ of certiorari from the Supreme Court, counsel would be ineffective under both prongs of Strickland.) Instead, this is a case of Petitioner claiming his counsel was ineffective for failing to file a writ of certiorari in the Supreme Court after being informed, in writing, by his counsel that his case was affirmed in the Fourth Circuit and of his right to petition the Supreme Court for a writ of certiorari. Petitioner concedes that his request that his attorney file a writ of certiorari was over the phone and not in writing as is required by the plan adopted by the Fourth Circuit Judicial Counsel. Petitioner's counsel filed an affidavit with this Court stating that he has no record of an oral or written communication from Petitioner in his file concerning a request that he file a writ of certiorari in the Supreme Court.

Petitioner's mere statement that appellate counsel erred by not following his oral instructions to file a petition for writ of certiorari is insufficient to meet his burden that his counsel was ineffective under the Strickland standard. Moreover Petitioner concedes that he did not make a written request that his counsel file a writ of certiorari as is required by the plan adopted by the Fourth Circuit Judicial Counsel. Finally, Petitioner admits to receiving counsel's May 11, 2004 letter advising him of the Fourth Circuit's decision affirming his conviction and of his right to file a writ of certiorari in

the Supreme Court. Therefore, Petitioner has not met his burden of establishing that his appellate counsel was ineffective. The Court concludes that appellate counsel was not deficient in his performance in representing Petitioner as he sent Petitioner a letter advising him of his right to seek certiorari and asking that Petitioner advise him in writing as soon as possible as to whether he desired to pursue such a writ. Appellate counsel has no record of Petitioner responding to his letter.

Next, Petitioner contends that his appellate counsel was ineffective because counsel failed to file a claim on Petitioner's behalf pursuant to Blakely v. Washington, 542 U.S. 296 (2004). This claim of ineffective assistance of counsel must also fail. The Fourth Circuit affirmed Petitioner's conviction on April 26, 2004, two months prior to the Supreme Court's decision in Blakely on June 24, 2004. Moreover, Petitioner plead guilty and stipulated that he was accountable for 1.5 kilograms or more of cocaine base. There is no Sixth Amendment violation when a defendant pleads guilty and stipulates to relevant facts for sentencing purposes. See Blakely, 124 S. Ct at 2541 ("[N]othing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the [government] is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.") Booker, 125 S. Ct at 756; see also United States v. Lucca, 377 F.3d 927, 934 (8th Cir. 2004) (holding that Blakely was not implicated where defendant was sentenced based solely upon facts admitted as part of his plea). Here, Petitioner stipulated at sentencing to the drug quantity set forth in the PSR; therefore, his sentence was not enhanced as a result of judicial finding concerning drug quantity that went beyond the facts admitted by Petitioner. There was no Sixth Amendment violation under Blakely or Booker and appellate counsel was not deficient for failure to raise a Blakely challenge.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Respondent's Motion for Summary Judgment is <u>GRANTED</u> and Petitioner's Motion to Vacate is dismissed.

**SO ORDERED**.

Signed: August 7, 2006

Richard L. Voorhees
United States District Judge